Harut MAKDESSIAN; Sossy Makdessian, Plaintiffs—Appellants,

v.

CITY OF MOUNTAIN VIEW, a municipality; Michael Martello, individually and in his official capacity; Whitney McNair, individually and in her official capacity; Jessica Van Borck, individually and in her official capacity; Matt Gunderson, individually and in his official capacity, Defendants—Appellees,

and

Bay Area Air Quality Management District, Defendant,

v.

Tyler Henthorne, Third-party-defendant.

No. 03–17325.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Nov. 1, 2005.

Sue E. Michaelsen, Michaelsen & Associates, Santa Rosa, CA, Elizabeth Williams, Hoskins & Williams, San Rafael, CA, for Plaintiffs–Appellants.

Elizabeth Williams, Louis A. Leone, Esq., Stubbs & Leone, Walnut Creek, CA, for Defendants–Appellees.

Richard J. Schneider, Daley & Heft, Solana Beach, CA, for Defendant and Third–Party–Defendant.

Before B. FLETCHER, GIBSON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Harut and Sossy Makdessian appeal the district court's order granting summary judgment in favor of the City of Mountain View, California, on the Makdessians' action under 42 U.S.C. § 1983. The Makdessians allege that the City violated their constitutional rights to procedural due process by sending their appeal of a conditional use permit modification back to the City Zoning Administrator rather than to a hearing before the City Council. The district court found that the denial of a hearing before the City Council did not rise to the level of a due process violation, as the Makdessians were not deprived of a property right. We affirm.

The Makdessians leased property in an area zoned for residential use from Thomas Sinkiewicz in early 2001. They received a conditional use permit from the City in April, which allowed them to operate an automobile repair shop on their property. In response to complaints from neighbors about the business, the City sent the Makdessians a letter in June 2001 advising them to correct all violations of the municipal code and of the conditions of their permit. Complaints from the neighbors continued, and the City scheduled a public permit revocation hearing, which was held on October 10, 2001. The Zoning Administrator modified the permit and imposed more restrictive conditions on the business. The Makdessians appealed this decision to the City Council and continued to operate under the conditions of the original permit.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

While the appeal was pending, Sinkiewicz informed the City that the Makdessians would be vacating the premises as of January 31, 2002, and requested that the appeal be referred to the Zoning Administrator rather than heard by the City Council. As a result, the Zoning Administrator held another hearing on January 23, 2002, which was attended by one of the Makdessians with an attorney. That hearing resulted in a somewhat different set of modifications to the original permit. The Makdessians did not challenge these new conditions, nor the City Council's referral of their appeal to the Zoning Administrator, and vacated the property.

■ We review the district court's decision to grant summary judgment de novo. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). A successful action under § 1983 requires that the conduct complained of be committed under color of state law and that the conduct work a denial of rights secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(*overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Although the first requirement is met in this case, the Makdessians have failed to show a denial of their constitutional rights to procedural due process.

Where state law contains detailed provisions for the suspension and revocation of a conditional use permit, the holder of the permit has a sufficient claim of entitlement to trigger the constitutional requirements of due process if the holder is denied the permit. *Kerley Indus., Inc. v. Pima County,* 785 F.2d 1444, 1446 (9th Cir.1986). Assuming the Makdessians had such a property interest in their conditional use permit, they were not deprived of that interest. The Makdessians operated their business under the terms of the original permit until the January hearing. Thereafter, they could have operated under the new terms or appealed those terms to the City Council. Instead, they chose to vacate the premises.

■ Even if the modifications to the conditional use permit in January amounted to a deprivation of a property interest, the Makdessians received all the process that they were due under the Constitution. The Due Process Clause generally requires notice and an opportunity for some kind of hearing before the deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 13, 16, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). The exact procedures required will depend on the nature of the interest at stake and the government function involved. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). When a zoning board decides to revoke a permit, due process requires notice to the permittee, a hearing, proper reasons for the revocation, and some form of judicial review. *See, e.g., Kerley,* 785 F.2d at 1446; *Chongris v. Bd. of Appeal of Andover,* 811 F.2d 36, 40–42 (1st Cir.1987). The Makdessians had notice of and attended two public hearings before the Zoning Administrator concerning the modifications to their conditional use permit. At both hearings, the Makdessians were represented by counsel, and the Administrator issued written findings.

Although the City may have violated the municipal ordinance when it referred the Makdessians' first appeal back to the Zoning Administrator, this error is insufficient to amount to a violation of procedural due process in light of the other proceedings available to the Makdessians. A state provides adequate procedural due process when it offers reasonable remedies to rectify a legal error by a local zoning board.

*Lake Nacimiento Ranch Co. v. County of San Luis Obispo,* 841 F.2d 872, 879–80 (9th Cir.1987); *Chongris,* 811 F.2d at 41–42. The Makdessians had the options of appealing the January decision to the City Council or seeking a writ of mandate in the Superior Court. They chose not to pursue these options.

For all the above reasons, the Makdessians were not denied procedural due process. Accordingly, we affirm the judgment of the district court. AFFIRMED.